IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

AMERIHOME MORTGAGE COMPANY, LLC                           PLAINTIFF

v.                            Case No. 3:25-cv-00233-KGB

ROBERT SENA, *et al.*                                     DEFENDANTS

## ORDER

Before the Court is plaintiff AmeriHome Mortgage Company, LLC's ("AmeriHome")

motion for default judgment against separate defendant Robert Sena and AmeriHome's motion for

default judgment, which the Court construes as a supplement to AmeriHome's motion for default

judgment (Dkt. Nos. 12; 13).  Sena did not respond, and the time to do so has passed.  For the

following reasons, the Court grants AmeriHome's motion for default judgment as to separate

defendant Sena (Dkt. No. 12).

## I.      Background

The amended complaint and summons in this matter were served upon defendant Robert

Sena on November 22, 2025, based upon the docketed return of service (Dkt. No. 5).  Sena has not

responded or otherwise defended against this action.  On December 22, 2025, the Clerk entered an

entry of default against Sena (Dkt. No. 8).  AmeriHome now seeks an entry of default judgment

pursuant to Federal Rule of Civil Procedure 55(b).

AmeriHome brings a claim against Sena for breach of contract (Dkt. No. 1).  In its

complaint, AmeriHome alleges that Sena executed a promissory note in which he promised to pay

Highlands Residential Mortgage Ltd. $254,308.00 (Dkt. No. 1, ¶ 7).  That promissory note was

assigned to AmeriHome (*Id.*).  Sena then executed a mortgage to secure the promissory note with

real property (*Id.*, ¶ 8).  AmeriHome is the assignee of the mortgage (*Id.*, ¶ 9).  The mortgage was modified by a loan agreement (*Id.*, ¶ 11).

Sena made payments pursuant to the note, mortgage, and modified loan agreement (collectively "Loan"), lowering the principal balance to $192,518.36 (Dkt. No. 12-2, at 45).  Sena has since failed to pay amounts due under the Loan (Dkt. No. 1, ¶ 12).  Sena refused to make the July 1, 2024, payment and all subsequent payments (*Id.*, ¶ 14; Dkt. No. 12-2, at 40).  AmeriHome, pursuant to the terms of the Loan, demands full payment of all sums secured by the Loan (Dkt. No. 1, ¶ 12).  AmeriHome alleges that it exercises its right under the Loan to require immediate payment in full of all sums secured thereunder (*Id.*, ¶ 14).  AmeriHome alleges that it has informed Sena of its intent to accelerate the indebtedness.  AmeriHome alleges that Sena has not cured the default (*Id.*, ¶ 14).

AmeriHome alleges that Sena's continued breach under the Loan directly and proximately causes damage to AmeriHome in the amounts due to AmeriHome that remain unpaid plus interest (*Id.*, ¶ 14).

## II.     Legal Standard

Federal Rule of Civil Procedure 55 contemplates a two-step process for the entry of default judgments.  *Fraserside IP L.L.C. v. Youngtek Sols. Ltd.*, 796 F. Supp. 2d 946, 951 (N.D. Iowa 2011) (citation and internal quotation marks omitted).  First, pursuant to Rule 55(a), the party seeking a default judgment must have the Clerk of Court enter the default by submitting the required proof that the opposing party has failed to plead or otherwise defend.  *Id.*  Second, pursuant to Rule 55(b), the moving party may seek entry of judgment on the default under either subdivision (b)(1) or (b)(2) of the rule.  *Id.*  Entry of default under Rule 55(a) must precede a grant of default judgment under Rule 55(b).  *Id.*

Once a defendant is in default, the factual allegations of the complaint, "except those relating to the amount of damages, will be taken as true." 10A Charles Alan Wright *et al.*, Federal Practice and Procedure § 2688 (3d ed.). When moving for default judgment, a plaintiff must prove entitlement to the amount of monetary damages requested, and the Court is required to make an independent determination of the sum to be awarded unless the amount of damages is certain. *Lifted Research Group, Inc. v. Behdad, Inc.*, 591 F. Supp. 2d 3, 6 (D.D.C. 2008). "Entry of a default judgment . . . [is] committed to the sound discretion of the district court. Default judgments, however, are not favored by the law." *United States v. Harre*, 983 F.2d 128, 130 (8th Cir. 1993). "Default judgment for failure to defend is appropriate when the party's conduct includes willful violations of court rules, contumacious conduct, or intentional delays. On the other hand, default judgment is not an appropriate sanction for a marginal failure to comply with time requirements." *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) (internal citations and quotation marks omitted).

### III.    Discussion

Having carefully reviewed the complaint and the exhibits attached to it, the Court finds that AmeriHome's factual allegations, taken as true, state a claim for breach of contract against Sena. As such, AmeriHome is entitled to default judgment against Sena.

With respect to damages, the Court determines that the amount owed is a sum certain, and the Court therefore does not require a hearing on damages. AmeriHome produced the declaration of Shirly Ortiz, the vice president of ServiceMac, LLC, the mortgage servicer on behalf AmeriHome (Dkt. No. 12-2, at 3). The Ortiz declaration avers that the total outstanding amount under the note and mortgage is $231,151.68 as of April 23, 2026, which continues to accrue a interest at $34.94 each day (*Id.*, at 45). Ortiz's declaration includes exhibits showing the amount

owed under the note and mortgage (Dkt. No. 12-2, at 43–45). AmeriHome's supplement clarifies a typographical error in Ortiz's declaration and avers that the exhibits attached to the Ortiz declaration reflect the proper amount of damages (Dkt. No. 13). The exhibits to the Ortiz declaration and supplement reflect that the total debt owed is $231,150.33, with a daily interest rate of $34.94 each day after April 23, 2026. (Dkt. Nos. 12-2, at 45; 13, ¶ 8).

### IV.    Conclusion

For the foregoing reasons, the Court grants AmeriHome's motion for default judgment (Dkt. No. 12). Sena is in default in the amount of $231,150.33 including the principal balance, interest up to April 23, 2026, and other associated fees. Sena is also in default in the amount of $2,201.22 in interest from the date of April 23, 2026, to the date of this Order, June 25, 2026. Sena is in default for the total amount of $233,351.55.

It is so ordered this 25th day of June, 2026.

Kristine G. Baker
Chief United States District Judge